

**ORDERED in the Southern District of Florida on February 23, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                              Case No. 09-20354-BKC-AJC
                                                                    Chapter 11
AUTOCLUB BODY AND PAINT
SERVICE, INC.,

               Debtor.                 /

AUTOCLUB BODY AND PAINT                         Adv. No. 10-3696-BKC-AJC-A
SERVICE, INC.,

     Plaintiff,

vs.

STUART R. KALB a/k/a
STUART R. KALB, TRUSTEE,

     Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

      THIS CAUSE came before the Court on January 20, 2011, upon Defendant, STUART R.

KALB's Motion to Dismiss (D.E. 5) and Debtor/Plaintiff, AUTOCLUB BODY AND PAINT

SERVICE, INC.'s Response thereto (D.E. 17). The Court having considered Defendant's Motion to Dismiss, Debtor's Response, the arguments of counsel, and otherwise being advised in the premises, determines that for the reasons set forth herein, the Defendant's Motion to Dismiss is denied.

## BACKGROUND

On May 27, 2009 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On November 3, 2011, the Debtor filed this action against Defendant seeking recovery of a preferential transfer made by the Debtor to or for the benefit of the Defendant. In its complaint, the Debtor alleges that Auto Paint & Supply of Lakeland, Inc. obtained a Final Judgment against the Debtor in the amount of $7,878.70 (the "Judgment") in 2004. Complaint at ¶ 8. The Complaint further states that Auto Paint & Supply of Lakeland, Inc. assigned all of its rights, title and interest in and to the Judgment to Defendant, Complaint at ¶ 9; and, on March 13, 2009, pursuant to Defendant's instructions, the Miami-Dade County Sheriff attempted to execute and levy on the Debtor's property. Complaint at ¶ 10.

Finally, the Complaint alleges that, as a result of the Sheriff's levy, the Debtor agreed to pay the sum of $15,340.00 in full satisfaction of the Judgment to avoid the Sheriff levying on the Debtor's property. Complaint at ¶11. Plaintiff avers the $15,340.00 paid by the Debtor to Defendant on March 13, 2009 constitutes a transfer of the Debtor's property as such term is defined in 11 U.S.C. § 101(54) (the "Transfer")." Complaint at ¶ 13.

In paragraphs 16 through 21 of its complaint, the Debtor applies the above factual allegations to the statutory elements of 11 U.S.C. § 547.

The Defendant seeks dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6), asserting that

the Complaint fails to state a claim upon which relief can be granted against Defendant personally. The Defendant argues that, by virtue of the fact he has executed documents with the word "Trustee" following his name, he is, or was at the time of the transfer, acting in the capacity of a trustee and that Plaintiff's complaint falls short of stating a claim against Defendant in his individual capacity.

## CONCLUSIONS OF LAW

A.    **LEGAL STANDARD FOR MOTION TO DISMISS**

The legal standard applied to a motion to dismiss is well established. While the U.S. Supreme Court, in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544; 127 S.Ct. 1955; 167 L. Ed. 2d 929 (2007), heightened the pleading requirement to include more specific facts which support statutory elements, the standard generally remains unchanged.

> To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)*. The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*, overruled on other grounds by *Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)*.

*Dominguez v. Design By Nature*, 2008 U.S. Dist. LEXIS 83467, 2,3 (S.D. Fla. 2008).

> Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). On such a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Milburn*, 734 F.2d at 765. The Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). Further, the Court

should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) (citations omitted); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

*Law Offices of David J. Stern, P.A. v. SCOR Reinsurance Corporation*, 354 F. Supp 2d 1338, 1342 (S.D. Fla. 2005).

**B.    REQUISITE DISCLOSURE BY AGENT OF PRINCIPAL**

It is well established that one who acts in the capacity of an agent will be held personally liable for his actions unless he discloses his principal and that he is acting solely as an agent for his principal.

> Under Florida law, an agent who makes a contract on behalf of an undisclosed principal is a party to the contract. *Lane, 557 So. 2d at 910* ("In order for an agent to avoid personal liability on a contract negotiated [on] his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known that the agent was acting in a representative capacity."); *Van D. Costas, 432 So. 2d at 658* ("Unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to the contract."). See also RESTATEMENT (THIRD) OF AGENCY § 6.02 ("When an agent acting with actual or apparent authority makes a contract on behalf of an unidentified principal . . . the agent is a party to the contract unless the agent and the third party agree otherwise.").

*Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886, 890, 891 (11th Cir. 2007).

> *Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656 (Fla. 2d DCA 1983)*, an opinion by Judge Grimes, clearly sets forth the pertinent principles of agency and states the rule that an agent's representation that the agent is acting for a principal is not enough to relieve the agent of liability absent notice of the principal's identity, holding (*432 So. 2d at 658*):

> The extent to which an agent must make disclosure of his principal in order to avoid personal liability is explained in *3 Am.Jur.2d Agency § 320* (1962):
>
> In order for an agent to avoid personal liability on a contract negotiated in his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known that the agent was acting in a representative capacity. ***It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent.*** The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. Furthermore, the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability. [Emphasis added.]

*Robinson v. Lane*, 557 So.2d 908, 909-910 (1st DCA Fla. 1990).  If in fact a trust exists, the trustee, acting as the agent for the trust, must disclose that not only is he the trustee (agent), but he must identify the particular trust (principal) for which he is the trustee.

### C. APPLICATION OF THE LAW

From a review of the Complaint, it appears the Debtor has alleged sufficient facts to state a claim upon which relief can be granted.  The allegations of Debtor's complaint establish a *prima facie* case that the Defendant was a creditor of the Debtor; that the Defendant received payment on an antecedent debt within 90 days prior to the Petition Date; and that as a result of the payment received by the Defendant, he received more than he would have received if the case was filed under Chapter 7, the transfer was never made, or he would otherwise be entitled to under the Bankruptcy Code.

The Defendant contends that during the subject transaction, he was acting in his capacity as

a trustee and, therefore, is not personally liable for repayment of the preference. The Satisfaction of Judgment which is attached to the Complaint indicates it was executed by "Stuart R. Kalb, Trustee". However, the Satisfaction of Judgment does not disclose the name or existence of any trust. The Defendant introduced a copy of an unrecorded Assignment of Judgment, which was attached to the Motion to Dismiss, wherein the Assignment of Judgment indicates that the assignment is made to "STUART R. KALB, TRUSTEE under the Judgment Purchase Trust No. 017". However, this attachment is outside the four corners of the Complaint and there is no indication that the Debtor ever had any knowledge of the trust or that such a trust actually exists. Such factual issues are better stated in an affirmative defense. At this juncture though, the Court may not consider such matters and must limit its decision on the Motion to Dismiss to the allegations in the Complaint and documents attached thereto.

In *Berry v. Fla. Int'l Univ.*, 2007 U.S. Dist. LEXIS 68818 (S.D. Fla. 2007), the defendant moved to dismiss plaintiff's discrimination suit on grounds that the statute of limitations had expired. The defendant attached letters and other documents to his motion to dismiss and the plaintiff filed a response which attached additional documents. In deciding the case, the court held:

> Since the Plaintiff hotly contests the Defendant's statute-of-limitations-based argument, and both parties support their positions with documentary evidence, dismissal is improper at this motion-to-dismiss stage--it would require the Court to go beyond the four corners of the Amended Complaint.

*Id.* at 3. The same reasoning applies in this case.

**D.    PERSONAL LIABILITY UNDER THE FLORIDA TRUST CODE**

This Court's reasoning is further supported by the Florida Trust Code § 736.1013 which states:

> (1) Except as otherwise provided in the contract, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administering the trust, *if the trustee **in the contract disclosed** the fiduciary capacity*. (Emphasis supplied).

Disclosure of a trustee's capacity includes a designation as trustee of an identified trust. While the Florida Trust Code does not specifically state what would constitute disclosure of the trustee's fiduciary capacity, the Court believes the Complaint alleges the necessary facts to state a claim against the Defendant individually, as well as in his capacity as a trustee. Whether Plaintiff can ultimately prove Defendant acted in his individual capacity, and not as trustee, remains to be seen; but, for purposes of deciding this Motion to Dismiss, the Court believes the Complaint is sufficiently pled to state a claim against the Defendant individually. *See also*, Fla. Stat. §689.07.

The Defendant's acceptance of payment from the Debtor is evidenced by the Satisfaction of Judgment attached to the Complaint. The Satisfaction of Judgment does not specifically identify the trust, and the notary acknowledges it was executed by Stuart R. Kalb but does not indicate that he executed it in a capacity as trustee. The Complaint relies upon the Defendant's failure to disclose in the Satisfaction of Judgment the identity of the trust [for which he claims to be a trustee] for stating a claim against the Defendant individually. For purposes of the Motion to Dismiss, the Court is satisfied that the Complaint states a claim upon which relief can be granted. Therefore, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss is DENIED and the Defendant, individually and as trustee, shall file an answer to the Complaint within fourteen (14) days from entry of this order.

# # #

**Submitted by:**

**Jeffrey N. Schatzman, Esq.**
Schatzman & Schatzman, P.A.
Attorneys for Debtor
9990 S.W. 77th Avenue, Penthouse 2
Miami, Florida 33156
(305) 670-6000
JSchatzman@Schatzmanlaw.com

Attorney Jeffrey N. Schatzman shall serve a copy of the signed order on all interested parties and file with the court a certificate of service.